**Carlos Torres VALDOVINOS, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**Nos. 07–70509, 07–71522.**

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 2010.*

Filed July 16, 2010.

Elsa Ines Martinez, Esquire, Law Offices of Elsa Martinez, PLC, Los Angeles, CA, for Petitioner.

OIL, Lynda Do, Janette L. Allen, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions for review, Carlos Torres Valdovinos, a native

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") orders denying his motions to reopen and his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen or reconsider, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we deny in part and dismiss in part the petitions for review.

■ The BIA did not abuse its discretion in denying Torres Valdovinos' November 24, 2006, motion to reopen because he failed to submit an adjustment of status application with the motion as required by 8 C.F.R. § 1003.2(c)(1), and the government affirmatively opposed the motion, in part, because it did not comply with this regulatory requirement. *Cf. Konstantinova v. INS*, 195 F.3d 528, 530 (9th Cir.1999) (BIA abused its discretion in denying motion to reopen for failure to submit a Form I–485 with the motion where government did not affirmatively oppose the motion on this ground).

■ The BIA was within its discretion in denying Torres Valdovinos' February 20, 2007, motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision denying his motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

■ In his opening brief, Torres Valdovinos does not raise, and therefore has waived any challenge to, the BIA's conclusion that his February 20, 2007, motion to reopen was time– and number–barred. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

* The panel unanimously concludes this case is suitable for decision without oral argument.

■ We lack jurisdiction to review the BIA's decisions not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**